UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA-REA HANSEN-STEEL, AKA CONNOR BRYAN SWAN[1]<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>  Defendant. | NO.  2:13-cv-03104-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 26, and Defendant's Motion for Summary Judgment, ECF No. 29. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney John C. LaMont.

---

[1] On December 8, 2011, Plaintiff changed his name to Connor Bryan Swan. The Court will use masculine pronouns when referring to Plaintiff in this decision. Plaintiff has also used other aliases in the past, including Rea J. Steel, Rea J. Fleming, Jessica Hansen, Jr., Jessica Steel, R. Jessica Sorensenon, Rea J. Thorton, and Jessica Wangler.

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  ~ 1**

## I. Jurisdiction

On December 15, 1997, Plaintiff filed applications for disability insurance benefits (DIB) and supplemental security income payments (SSI). Plaintiff alleged he is disabled beginning June 1, 1997, due to conditions including bipolar disorder, multiple personality disorder, wrist, knee and back pain, scoliosis, and attention deficit disorder.

On August 14, 1999, Administrative Law Judge (ALJ) Edward Nichols issued a decision, finding Plaintiff was not disabled. Plaintiff appealed and the Appeals Council remanded the decision. Pursuant to the remand order, ALJ Nichols issued a decision on July 23, 2003, finding Plaintiff was not disabled. Again, Plaintiff appealed the decision and again the Appeals Council remanded the case.

On remand, ALJ R. J. Payne issued a decision on August 19, 2009, finding Plaintiff was not disabled. The Appeals Council upheld the decision, and Plaintiff appealed the decision to the Eastern District of Washington. While the case was pending, the parties jointly stipulated that the case should be remanded for further administrative proceedings. Judge Suko granted the stipulation, and the case was remanded and assigned to ALJ Ilene Sloan.

On June 20, 2013, Plaintiff appeared at a video hearing in Yakima, Washington before ALJ Sloan, who presided over the hearing from Seattle, Washington. Frederick Cutler, vocational expert, also appeared at the hearing. Plaintiff was represented by attorney D. James Tree. On July 18, 2013, ALJ Sloan ruled that Plaintiff was not disabled. Plaintiff requested an expedited appeal.

Plaintiff then filed a timely appeal with the U.S. District Court for the Eastern District of Washington on September 30, 2013.

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 404.1520(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 404.1574; *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1571. If he is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 404.1508-09. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. § 404.1520(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the impairment is not one

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 3**

conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. § 404.1520(f). If the claimant is able to perform his previous work, he is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education, and work experience? 20 C.F.R. § 404.1520(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

**III.    Standard of Review**

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge.

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 4**

*Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.    Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

Plaintiff was twenty-three at the time he initially filed his application for disability benefits. At the time of the hearing in June, 2013, Plaintiff was thirty-nine. Prior to 1997, Plaintiff worked as a security guard for a number of years, in a number of different positions. He has one biological child who, during the period in question, was being raised by the child's grandmother. Also, during this same time, he was helping raise his partner's child. At various times during this period, Plaintiff was homeless and living in a shelter. He enjoys building models and playing on the computer.

Plaintiff grew up in a military family and reports experiencing physical and sexual abuse by his stepfather. He earned his GED. Between 1999 and 2002, Plaintiff attended classes at Yakima Valley Community College. While at YVCC, Plaintiff worked as a tutor at the YVCC tutor center from January, 2000 to Fall, 2002. Plaintiff reports he is computer literate.

Plaintiff maintains he cannot work because he is unable to hold a job as he usually gets fired, he gets pissed off at work, he has a short attention span, he has bad knees and a bad back, and he has difficulty standing for any length of time. At

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT  ~ 5**

the 2003 hearing, he explained that his jobs typically ended because he would get into a fight with a co-worker, tell his boss off, or he didn't feel like going to work so he would not go. (Tr. 499.)

**V.     The ALJ's findings**

The ALJ's decision addresses the closed period from June 1, 1997 to June 1, 2004. The ALJ found Plaintiff met the insured status requirement of the Social Security Act for the time period in question.

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity from June 1, 1997 to June 1, 2004, the requested closed period. (Tr. 577.)

At step two, the ALJ found Plaintiff has the following severe impairments: scoliosis, obesity, bipolar disorder, and personality disorder. (Tr. 577.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 1.04 or Listing 12.00. (Tr. 579-80.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 416.967(a) [2] except occasionally climb ladders, ropes, scaffolds, stairs, and ramps, and occasionally balance, stoop, kneel, crouch, and crawl. (Tr. 580-81.) Plaintiff can understand, remember, and carry out simple as well as detailed tasks, but can not have any contact with the general public.

At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a security guard. (Tr. 591.)

In the alternative, at step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 592.)

---

[2] (c) Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567(c).

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 6**

The ALJ relied on the testimony of a vocation expert, and concluded that Plaintiff was capable of performing the requirements of representative occupations such as cleaner, housekeeping cleaner, and assembler. As such, the ALJ concluded that Plaintiff was not disabled for the requested closed period of June 1, 1997 to June 1, 2004.

**VI.    Issues for Review**

    1.    Did substantial evidence support the ALJ's adverse credibility finding?

    2.    Did the ALJ reasonably resolve the conflicting medical evidence and reach conclusions supported by substantial evidence?

    3.    Did Plaintiff receive due process of law?

**VII.    Discussion**

    **1.    Plaintiff's Credibility**

In making her ruling, the ALJ found that Plaintiff's statements concerning his limitations were not credible. Specifically, the ALJ noted that Plaintiff alleged that his mental conditions prevent him from holding a job for longer than a few months. He states he is easily angered, and cannot be around other people. He reports that he occasionally disassociates for two or three days and does not know where he is or what he is doing. He describes himself as argumentative. He will get depressed and isolate himself in his room for three to five days at a time. He states he has a short attention span, and describes periods of depression and bouts of mania. He indicates he has suicidal ideation and a history of suicide attempts.

The ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely credible. She cited the following reasons: (1) the medical records do not substantiate Plaintiff's back complaints; (2) medical imaging does not support Plaintiff's back complaints; (3) Plaintiff's obesity is slight, and apparently has not caused any secondary complications, such as heart disease or diabetes; (4) there is evidence of

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 7**

drug-seeking behavior; (5) state agency psychological consultants question the diagnosis of bipolar; (6) Plaintiff received relatively minimal mental health treatment for his allegedly severe depression and mood instability; (7) medical records indicate that Plaintiff's mental symptoms did respond well to treatment; (8) Plaintiff has been able to sustain fairly long-term relationships with a few people; (9) he was able to attend Yakima Valley Community College for three years; (10) he was able to tutor other students who needed help with math and English from 2000 – 2002; (11) Plaintiff's performance on mental status testing showed that he retained fairly intact cognitive functioning; (12) lack of mention in the reports of any ongoing suicidal ideation or suicide attempts; (13) inconsistent statements in the record about his psychotic symptoms (multiple personalities, hallucinations, paranoid ideation); (14) inconsistent statements about his intellectual functioning; (15) inconsistent statements about his substance use; (16) inconsistent statements about his medical history; (17) inconsistent statements about his educational history; (18) evidence that Plaintiff has disability conviction, i.e. that he has disability seeking motivation; and (19) Dr. Toews suspected a high probability of malingering and evidence of lack of motivation and cooperation. (Tr. 581-585).

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

Here, the ALJ's credibility determination is clearly supported by the record. The ALJ carefully reviewed the entire record, noted where the medical records failed to support Plaintiff's alleged limitations, and noted where Plaintiff made numerous inconsistent statements regarding his perceived limitations. The ALJ's credibility determination is significant because certain medical providers provided opinions based on Plaintiff's self-reported diagnoses and descriptions of his symptoms, rather than conduct testing. The ALJ relied heavily on the fact that Plaintiff was able to successfully attend community college between 1999 and 2002 and successfully tutor other students. This was not in error. Notably, Plaintiff did not seek any mental health treatment during this time, and there were no mental health evaluations conducted during this time period, suggesting that Plaintiff's mental health was fairly stable.

### 2. Medical Opinions

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Generally speaking, three types of

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[3]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* On the other hand, where the treating doctor's opinion is uncontradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

The opinions of examining physicians are afforded more weight than those of non-examining physicians. *Id.* Factors the ALJ should consider in evaluating any medical opinion (not limited to the opinion of the treating physician) include:

---

[3] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

(1) the amount of relevant evidence that supports the opinion and the quality of the explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the specialty of the physician providing the opinion; and (4) other factors, such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Orn*, 495 F.3d at 631. When evaluating conflicting medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Below is a chart that lists the medical testimony considered by the ALJ and the weight given each opinion:

| Provider | Position | Summary of Opinion | Weight |
|---|---|---|---|
| **Physical Limitations** | | | |
| Dr. Kurtz 1/1998 (Tr. 105-109) | Examining physician | Diagnosed scoliosis, right wrist pain, skin moles on back, and low back and left knee pain | |
| Dr. Cierebiej 2/1998 (Tr. 112-118) | State agency medical consultant | Plaintiff could perform medium work, with occasional postural restrictions | significant |
| Dr. Kaminski 4/1998 (Tr. 179) | Treating physician | Plaintiff did not have any significant workplace limitations due to back pain or abdominal pain | significant |
| Dr. Hoskins 4/1998 (Tr. 185-192) | State agency medical consultant | Plaintiff could perform medium work, with some postural and environmental restrictions | significant |
| K.R. Meyer 1-2/2003 (Tr. 336-350) | PA-C | Plaintiff could perform modified work due to his right hand injury | some |

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 11**

| Provider | Position | Summary of Opinion | Weight |
|---|---|---|---|
| Dr. Francis 8/2009 (Tr. 540-545) | Medical expert | No evidence showing that Plaintiff was unemployable from a physical standpoint; recommended light work | some |
| **Mental Limitations** | | | |
| Dr. Lemere 9/1997 (Tr. 93-96) (Tr. 233-236) | Examining physician- DSHS | Plaintiff would be unable to concentrate on a job, due to his extreme mood swings. He had moderate to marked limitations in social functioning and cognitive functioning. Dr. believed Plaintiff's impairment would last for six months. | little |
| Dr. Jarvis 12/1997 (Tr. 97-101) | Consultative examiner | Dr. Jarvis listed a number of possible diagnoses, indicating his uncertainty. He concluded that Plaintiff appeared to have a mental disorder that creates significant limitations in his ability to tolerate the pressures and expectations of a normal work setting. | great to mental health status; little weight to GAF score |
| Dr. Rowlette 1/1998 (Tr. 110-111) | treating physician (but not prior to issuing opinion) | Plaintiff has bipolar disorder and PTSD; ability to perform gainful employment was doubtful due to presence of Plaintiff's symptoms | little |
| Dr. Reade 2/1998 (Tr. 120-132) | State agency psychological consultant | Plaintiff had limitations to persistence and sustained concentration, yet he retained ability to perform detailed tasks consistently. Plaintiff would likely not be suitable for working directly with the public. | great |

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

| Provider | Position | Summary of Opinion | Weight |
|---|---|---|---|
| Dr. Haney 5/1998 (Tr. 193-202) | State agency psychological consultant | Plaintiff could understand, remember, and maintain his concentration to carry out detailed instructions; Plaintiff's affective instability would interfere with his ability to persist through a normal workweek, but he could persist consistently the greater part of the time. | some |
| Dr. Czysz 8/1998 (Tr. 229-232) | State agency psychological consultant | Plaintiff's ability to attend and concentrate appeared impaired. He had moderate to marked limitations in cognitive and social functioning. His ability to attend/concentrate appeared impaired during the session. | little |
| Dr. Kiele 9/1998 (Tr. 248-250) | Treating physician | GAF-45. Noted that patient early on in the interview addressed issue of perceived inability to hold a job. | little weight to GAF |
| Dr. Moore 8/2009 (Tr. 443-460) | Psychological expert at August 2009 hearing | There was insufficient evidence of ADHD, bipolar disorder, and PTSD, but record supported personality disorder; no limitations in daily activity; moderate limitation in social functioning; mild limitation in concentration, persistence, or pace. | some |
| Dr. Toews 1/2013 (Tr. 311-318) | Consultative Examiner | With the exception of his ability to deal with the public Plaintiff had good ability to make occupational adjustments in various categories. | great |

Plaintiff contends the ALJ erred in rejecting the following providers: (1) Dr. Lemere; (2) Dr. Jarvis; (3) Dr. Rowlett; (4) Dr. Czysz; (5) Dr. Kiele; and

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**

(6) Dr. Kurtz. As set forth above, there is significant conflict among the medical opinions in the record. The ALJ did not err in resolving these conflicts. The ALJ gave less weight to the psychological evaluation forms completed by Dr. Lemere and Dr. Czysz because there were no clinical findings or testing to support their conclusions, except for Plaintiff's self-reported symptoms and diagnoses. This was not in error. Dr. Lemere and Dr. Czysz did not perform any mental status examinations. Rather, their conclusions relied primarily on Plaintiff's self-reported symptoms and limitations, which, as set forth above, the ALJ properly found to not be credible.

Additionally, the ALJ gave specific and legitimate reasons for crediting the various medical opinions that are supported by substantial evidence. The ALJ noted that despite the mental conditions, Plaintiff was able to attend college for three years between 1999 and 2002, after the dates the medical opinions were given that concluded that Plaintiff would have difficulty sustaining. The ALJ considered that Plaintiff successfully worked as a tutor during this time, which seemingly contradicts the earlier medical opinions. Also, the residual functional capacity limitations incorporated Plaintiff's recognized cognitive and social limitations in that it provided that Plaintiff could not have any contact with the general public.

### 3. Due Process

Plaintiff argues that he did not receive a full and fair hearing because the ALJ prevented his attorney from asking the Vocational Expert several questions.

5 U.S.C. § 556(c) provides, in part, that the presiding officer at administrative hearings may regulate the course of the hearing. A claimant in a disability hearing is entitled to "such cross-examination as may be required for a full and true disclosure of the facts." 5 U.S.C. § 556(d). The ALJ is afforded discretion to decide when cross-examination is warranted. *Solis v. Schweiker*, 719 F.2d 301, 302 (9th Cir. 1983).

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 14**

Here, the questions the ALJ barred were irrelevant, immaterial or repetitious of the evidence already in the record. Also, the ALJ appropriately barred Plaintiff's tautological question, which essentially asked whether a disabled person can work.

Even if the ALJ erred, Plaintiff has not shown that he was prejudiced. *See Shinseki v. Sanders*, 556 U.S. 396, 406 (2009) (establishing that administrative adjudications are subject to the same harmless error rule as generally applies to civil cases); *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (noting that reversal on account of error is not automatic, but requires a determination of prejudice). The burden is on the party claiming error to demonstrate not only error, but that the error affected both his procedural rights and substantial rights. *Id.*

Here, in considering the record as a whole, and the ALJ's explanation of her decision, the Court finds that Plaintiff has not demonstrated that the decision would have been any different if the ALJ would have permitted his counsel to ask the vocational expert his questions.

**VIII.  Conclusion**

Plaintiff has not met his burden of showing that the ALJ committed clear error, or that her decision is not supported by substantial evidence.

Accordingly**, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 26, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 29, is **GRANTED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

///
///
///

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 15**

1  **IT IS SO ORDERED.** The District Court Executive is hereby directed to
2  file this Order, provide copies to counsel, and close the file.
3  **DATED** this 6th day of October, 2014.



                              Stanley A. Bastian
                              United States District Judge

**ORDER DENYING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT   ~ 16**